UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HASSAN, MD, JD; and
JOHN WOLFGRAM, JD and
ROES 1-n,

         Plaintiffs,

  v.

THE GOVERNMENT OF THE UNITED
STATES; THE SECRETARY OF
TREASURY, DEPT. OF HEALTH,
MEDICARE; DEPT. OF HOMELAND
SECURITY, CORELOGIC CREDCO,
CALIFORNIA HIGHWAY PATROL;
CHP OFFICER COONEY; MEDICAL
BOARD OF CALIFORNIA and
DOES 1 thru 100,

         Defendants.
_____/

NO. CIV. S-12-1933 LKK/KJN

O R D E R

      By order granted December 6, 2012, the court dismissed this case with prejudice under Fed. R. Civ. P. 12. (ECF No. 43.)

      Now pending before the court is plaintiffs' "Motion to Alter or Amend Order of the Court and to Allow Leave to Amend" and documents in support thereof, filed on January 3, 2013. (ECF No. 45.) Defendants filed oppositions to this motion. (ECF Nos. 46-49.) Plaintiffs have not filed a reply. The court decides the

matter based on the papers and without oral argument.

Plaintiffs bring their motion "pursuant to Rule of Court 52 and the First and Fifth Amendments to the Constitution." The court is unaware of any constitutional right to reconsideration of an order. "Rule of Court 52" may be a reference to Fed. R. Civ. P. 52,[1] since there is no Local Rule with this number. If so, plaintiffs presumably intend to invoke Rule 52(b), which provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly."

"Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing." Davis v. Mathews, 450 F.Supp. 308, 318 (E.D.Cal. 1978). In this instance, the court dismissed the action on the pleadings and has made no findings of fact. Therefore, a Rule 52 motion is inapt.

The court has the discretion to construe this motion as a motion for reconsideration under Rule 59(e) (Motion to Alter or Amend a Judgment) or Rule 60(b) (Motion for Relief from Judgment). But to do so would be futile; a denial would issue in either case. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other,

---

[1] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

2

highly unusual, circumstances warranting reconsideration." <u>School Dist. No. 1J, Multnoma Cnty. v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citations omitted). But a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000).

In support of their motion, plaintiffs have filed four documents that were not before the court when it issued its previous order: (i) a complete version of a consumer credit report, of which plaintiffs had previously filed excerpts; (ii) a declaration by plaintiff Allen Hassan introducing additional facts; (iii) a joint declaration by Dr. Hassan's employees, Thomas Dixon and Ashley Rose, regarding those same facts; and (iv) a declaration by one Makram Samaan, who claims to have known Dr. Hassan for over 20 years, that also introduces additional facts. None of this evidence is newly discovered; all of it was available to plaintiffs at the time they opposed defendants' motions to dismiss, yet they chose not to present it to the court. Similarly, while plaintiffs reframe their legal arguments and disagree with the court's earlier interpretation of their pleadings in their motion, they make no demonstration of clear error, manifest injustice, or an intervening change in controlling law. Finally, plaintiffs have shown no other circumstances that would justify reconsideration under Rule 59(e) or relief under Rule 60(b).

////

Accordingly, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED: February 8, 2013.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4